**Jasmine PHILLIPS**

v.

**Lieutenant Pedro CARRASQUILLO**

**No. 3:00CV2426 (AHN).**

United States District Court,
D. Connecticut.

Sept. 9, 2002.

Lewis M. Klee, Brooklyn, NY, Nathaniel B. Smith, New York, NY, for Plaintiff.

Alan M. Soloway, U.S. Attorney's Office, New Haven, CT, for Defendant.

## RULING ON MOTION TO DISMISS

NEVAS, District Judge.

The Plaintiff, Jasmine Phillips ("Phillips"), brings this action against the defendant, Pedro Carrasquillo ("Carrasquillo"), a lieutenant at the Federal Correction Institute in Danbury, Connecticut ("Danbury FCI"), alleging cruel and unusual punishment in violation of the Eighth Amendment, as well as claims for assault and battery, intentional infliction of emotional distress, negligence, gross negligence, and recklessness.

Now pending before the court is Carrasquillo's motion to dismiss the complaint. For the following reasons, the motion [doc. # 7] is GRANTED.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all factual allegations in the complaint and must construe any well-pleaded factual allegations in the plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Easton v. Sundram, 947 F.2d 1011, 1014–15 (2d Cir.1991). A court may dismiss a complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see also Still v. DeBuono, 101 F.3d 888 (2d Cir.1996). The issue on a motion to dismiss "is not whether the plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F.Supp. 784, 786 (D.Conn.

1990) (citing Scheuer, 416 U.S. at 236, 94 S.Ct. 1683). In deciding such a motion, consideration is limited to the facts stated in the complaint or in documents attached thereto as exhibits or incorporated therein by reference. See Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir.1991).

## FACTS

The plaintiff, a former inmate in the Danbury FCI, alleges, under Bivens v. Six Unknown Agents Fed. Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), that the defendant engaged in conduct constituting cruel and unusual punishment in violation of the Eighth Amendment. Specifically, plaintiff charges that during an interview with plaintiff on December 26, 1997, Carrasquillo "intentionally, wantonly, and maliciously slammed" plaintiff against a wall, resulting in serious physical injuries. (See Pl.'s Compl. ¶ 9.) Plaintiff maintains that the force used against her was not based on a good faith effort to maintain or restore discipline. (See id. ¶ 10.) She seeks compensatory and punitive damages, as well as attorneys fees and costs of this action.

## DISCUSSION

Carrasquillo maintains that 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") bars an inmate from bringing a lawsuit under federal law in federal court unless the inmate has first exhausted all administrative remedies within the prison system. The exhaustion requirement applies whenever an inmate seeks damages due to a condition of imprisonment.

Plaintiff relies on the Second Circuit's opinion in Nussle v. Willette, 224 F.3d 95 (2d Cir.2000), to argue that excessive force claims do not fall within the PLRA's cate-

gory of "prison conditions" and, therefore, are not subject to the PLRA's exhaustion requirement. Further, plaintiff argues that she did exhaust her administrative remedies because she did file an administrative remedy request and appealed that request to the regional counsel's office. The appeal was denied as untimely.

 This motion was filed before the Supreme Court rendered its decision in *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), which clarified that excessive force claims do relate to "prison conditions" and all administrative remedies must be exhausted before a petitioner seeks redress in federal court. "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* at 988 (quoting *Booth v. Churner,* 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). In the wake of the Supreme Court's *Nussle* decision, exhaustion is now required for "all action[s] brought with respect to prison conditions" whether under § 1983 or "any other Federal law." *Id.* (quoting 42 U.S.C. § 1997e). According to the Court, "any other Federal law" includes suits brought by federal prisoners, such as Phillips, under *Bivens.* Federal prisoners must exhaust inmate grievance procedures before filing suit in federal court. This, Phillips failed to do.

The Federal Bureau of Prison administrative remedy process is addressed at 28 C.F.R. 542.10. To exhaust that process, an inmate must file a request for an administrative remedy with the institution (BP–9) within 20 days of the incident prompting the request. If unsuccessful, the inmate may then appeal to the Regional Director (BP–10), and then to the General Counsel (BP–11). Only after a decision has been rendered at each level can an inmate satisfy the exhaustion requirement.

Even if plaintiff filed the appropriate request with the institution and then appealed the negative ruling with the Regional Director, it cannot be said that she exhausted her administrative remedies because she did not seek relief from the General Counsel. Thus, plaintiff failed to exhaust her administrative remedies as required by *Nussle* and cannot petition this court for relief. Defendant's motion to dismiss shall be granted.

*CONCLUSION*

For the foregoing reasons, defendant's motion to dismiss [doc. # 7] is GRANTED.